MARK A DIEGELMAN and TERESA A. DIEGELMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Diegelman v. Commissioner
Docket No. 3592-73.
United States Tax Court
T.C. Memo 1974-133; 1974 Tax Ct. Memo LEXIS 186; 33 T.C.M. (CCH) 606; T.C.M. (RIA) 74133; May 23, 1974, Filed. *186 Leonard A. Klaff, for the petitioners. Brian J. Seery and Louis J. Zeller, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $1,313.97 in petitioners' Federal income tax for 1971 on the ground that petitioners erroneously deducted the sum of $7,652.47 under miscellaneous deductions as "War Crimes." Respondent has filed a motion for judgment on the pleadings on the ground that petitioners failed to state a cause of action in their petition. The petition alleges that respondent erred in disallowing the deduction on the grounds (1) that participation in the Viet Nam war by the United States violates international law and constitutes the commission of war crimes, and (2) that payment of taxes which could be used for the prosecution of an "immoral, unjust and illegal war" would violate the religious beliefs of petitioners. On these grounds petitioners seek to justify the disallowed deduction and urge that the case be allowed to proceed to trial. Respondent contends that numerous decided cases demonstrate that these allegations do not state a cause of action. It is clear that an alleged violation of international *187 law by the United States Government does not exempt an individual citizen from complying with the tax laws. As this Court stated in : We are of the opinion that there is no principle of international law which operates to relieve citizens from their tax obligations and liabilities under the laws of their country or which imposes upon them individual responsibility for the use made of tax revenue. * * * See also . The allegation that payment of taxes which may be used to prosecute the Viet Nam war would transgress petitioners' religious beliefs was answered in (C.A. 9, 1969), certiorari denied as follows: Laying aside the question of "standing," we hold that nothing in the Constitution prohibits the Congress from levying a tax upon all persons, regardless of religion, for support of the general government. The fact that some persons may object, on religious grounds, to some of the things that the government does is not a basis upon which they can claim a constitutional right not *188 to pay a part of the tax. * * * The Income Tax Act does not "aid one religion, aid all religions, or prefer one religion over another." Nor does it punish anyone "for entertaining or professing religious beliefs or disbeliefs." (Mr. Justice Black, in .) It taxes plaintiffs like all others, because they are citizens or residents who have taxable income. On matters religious, it is neutral. If every citizen could refuse to pay all or part of his taxes because he disapproved of the government's use of the money, on religious grounds, the ability of the government to function could be impaired or even destroyed. * * * There are few, if any, governmental activities to which some person or group might not object on religious grounds. We are compelled to follow these precedents. Accordingly, respondent's motion for judgment on the pleadings will be granted, and Decision will be entered for the respondent.